N. T. SIMERLY, Ex'r. v. WILLIAM HURLEY et al.

CONTESTED WILL. *Reversal on facts.* The will of a sane old man, made seven years before his death, whereby the estate is given to his widow for life, should not be disturbed merely on the ground that her will was stronger than his, and that in other trivial matters she had occasionally controlled his actions; and the Supreme Court will reverse the judgment of an inferior court, setting aside a will, based on a verdict found only on such slight circumstances.

FROM CARTER.

Appeal in error from the Circuit Court of Carter county. N. HACKER, J.

TAYLOR, ST. JOHN & FOLSOM for plaintiffs in error.

THOMAS CURTIN for defendant.

McFARLAND, J., delivered the opinion of the court.

Reluctant as we are to disturb the judgments of inferior courts founded upon verdicts of a jury upon the ground that they are not sustained by evidence, we are, nevertheless, constrained to do so in this case.

The bill of exceptions purports to set out all the evidence heard upon the trial. In our opinion it does not sustain the verdict. It is a contest over the will of Righly Moreland, deceased, and the jury have found against the will. The proof is conclusive that at the making of the will the testator was of sound mind and disposing memory. There is really no proof to the contrary. The will was executed and attested in the statutory form, and there is no room to doubt that the testator, at the time of its execution, fully understood its contents. The only ground of contest shadowered forth in the proof is, that at the making of the will the testator was advanced in age and enfeebled by disease, and that he was under the influence of and subject to the superior will of his wife, who was well, healthy and vigorous, and in whose favor the will was in part made. The proof of these facts rests mainly upon the testimony of the contestants, but even in their testimony, there is nothing to show that in the matter of executing the will the testator's wife attempted to exercise the slightest influence over him, although there is some proof, that in other trivial matters on a few occasions, she was allowed to control his actions.

The will was executed nearly seven years before the testator's death. He was not enfeebled to such an extent as materially to affect the force of his will or the capacity of his mind. He was able to go about and attend to his business for several years afterwards.

He disposed of a small estate worth about $1,500,

giving it to his wife for life, with remainder to three grand-children, the children of a deceased son, whom he had raised at his house since the death of their father, to the exclusion of several daughters, all of whom were of mature years and who had married and left him. We have searched in vain in this record for the evidence which could have justified the jury in finding that this was not the will of the testator, freely and voluntarily executed.

Let the judgment be reversed and the cause remanded for a new trial.